ORIGINAL

# In the United States Court of Federal Claims

No. 15-308C
(Filed: July 17, 2015)

**FILED**

**NOT FOR PUBLICATION**

JUL **1 7** 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TONY EARL STATEN, ) | |
| ) | |
| Plaintiff, ) | Motion to Dismiss; Subject Matter |
| ) | Jurisdiction; Criminal Charges; |
| v. ) | Review of State Court Conviction, |
| ) | Statute of Limitations |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Tony Earl Staten, Norling, NC, pro se.

John S. Groat, Trial Attorney, with whom were Benjamin C. Mizer, Principal Deputy
Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Claudia Burke,
Assistant Director, Commercial Litigation Branch, Civil Division, United States
Department of Justice, Washington D.C., for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of
jurisdiction. Mot. to Dismiss, June 10, 2015, Dkt. No. 8. Plaintiff, who is an inmate at a
state run correctional institution in North Carolina, filed this action alleging unjust
imprisonment. See Compl., Mar. 23, 2015, Dkt. No. 1. Plaintiff asks the court to review
his conviction in the state of North Carolina for felony murder and armed robbery. See
id. Plaintiff brings his claim without counsel.[1] See id.

---

[1]     Plaintiff also filed, on April 6, 2015, an Application to Proceed In Forma Pauperis.
See Dkt. No. 4. For the limited purpose of addressing the court's jurisdiction, that
motion is **GRANTED**.

As explained below, the court finds that it does not have jurisdiction over plaintiff's complaint. The court also finds that the interests of justice do not favor the transfer of this case to another court. Accordingly, defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED**.

I.    Background

The following facts are taken from an opinion issued by the Court of Appeals for North Carolina.[2] See State of North Carolina v. Staten, 616 S.E. 2d 650, 653 (N.C. Ct. App. 2005). Plaintiff was indicted for one count of felony murder and one count of armed robbery by the Gates County District Court in 2000. See id. Between 2000 and 2002, a number of forensic screening examiners and forensic psychologists evaluated plaintiff's competency to stand trial. Id. Plaintiff ultimately was declared competent to proceed to trial, and in 2003, he was found guilty of first degree felony murder and armed robbery. Id. He was sentenced to life in prison without parole on the felony murder conviction and a concurrent sentence of 100 to 129 months on the armed robbery conviction. See id. at 653–54.

Plaintiff appealed to the Court of Appeals of North Carolina in 2003. Asserting that he had a constitutional right to a competency hearing, plaintiff argued that the trial judge had erred by: (1) denying the request for a jury instruction on diminished capacity and for a directed verdict of insanity; (2) instructing the jury that use of hands constituted armed robbery; and (3) failing to arrest judgment on the underlying armed robbery conviction. See id. In 2005, the appellate court reversed his conviction on the armed robbery conviction due to insufficient evidence. Finding sufficient evidence to support a conviction for common law robbery, the appellate court remanded the case to the trial court, with instructions to enter judgment against plaintiff. See id. at 660. The appellate court determined that the common law robbery conviction would serve as the underlying felony—in place of the armed robbery offense—for defendant's first degree felony murder conviction. See id.

An independent review of plaintiff's litigation history shows that he appealed the appellate court's decision to the Supreme Court of North Carolina, which dismissed his appeal upon finding no substantial constitutional question. See State v. Staten, 626 S.E. 2d 838 (N.C. 2005) (Mem). Plaintiff also filed a petition for writ of certiorari to the Supreme Court of the United States, which was denied. See Staten v. North Carolina, 547 U.S. 1081 (2006).

---

[2]    A copy of this opinion is attached to plaintiff's complaint, which comprises one page of handwritten notes. See Compl., Mar. 23, 2015, Dkt. No. 1.

On March 23, 2015, plaintiff filed a complaint in this court, challenging his state court conviction. See Compl. (urging the court to "please review these [criminal] charges for me"). On June 10, 2015, defendant moved to dismiss the complaint, asserting that the court is without jurisdiction to hear plaintiff's claims. See Mot. to Dismiss. On June 29, 2015, plaintiff filed a response to which he attached a copy of a 2007 correspondence with a staff attorney at North Carolina Prisoner Legal Services, Inc. See Resp., Dkt. No. 9 (pagination added). Plaintiff reiterates his contention that the state court erred in convicting him of felony-murder. See id. at 1. Conceding that he does not "know what [relief] to ask for as [he] ought," plaintiff instead defers to the court's judgment, and requests that the court grant him any relief to which he is entitled. See id. at 1, 3; see also id. at 3 ("I know what I want, but you know the law and according our constitution you know what the law can do for me and what I am suppose [sic] to get.").

II.    Legal Standards

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Henke v. United States, 60 F.3d 795,797 (Fed. Cir. 1995). Pleadings submitted by pro se plaintiffs to this court will be construed liberally. See Cosma-Nelms v. United States, 72 Fed. Cl. 170, 172 (2006). Nevertheless, pro se plaintiffs must satisfy jurisdictional requirements. See Kelly v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The jurisdiction of the United States Court of Federal Claims is a threshold matter. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998)). Subject matter jurisdiction may be addressed at any time by the parties, by the court sua sponte, or on appeal. See Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by an opposing party, or by the court, the plaintiff "bears the burden of establishing jurisdiction." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2792 (2011). A plaintiff must establish jurisdiction by a "preponderance of evidence." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995). In assessing jurisdiction, the court assumes all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor. See Lovett v. United States, 81 F.3d 143, 145 (Fed. Cir. 1996). Nonetheless, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

For claims brought by pro se plaintiffs, the court "searches the record to see if a plaintiff has a cause of action somewhere displayed." Goel v. United States, 62 Fed. Cl. 804, 806 (quoting Boyle v. United States, 44 Fed. Cl. 60, 62 (1999)); accord Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969) (using the court's full judicial power to

search a record for a cause of action when a pro se plaintiff has brought a claim). However, the court has no duty to create a claim which the plaintiff has not spelled out in his or her pleading. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011). If the court determines it does not have subject matter jurisdiction, it must dismiss the action. See R. Ct. Fed. Cl. 12(h)(3).

The Tucker Act is the primary source of jurisdiction for this court. See 28 U.S.C. § 1491 (2012); Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The Act provides for the court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A claim may be brought under the Tucker Act only if it is for money damages against the United States. See id. The plaintiff "must demonstrate that the source of substantive law upon which he or she relies is a money mandating source," Smith v. United States, 495 F. App'x 44, 47 (Fed. Cir. 2012), because the Tucker Act does not by itself create a substantive right enforceable against the United States for monetary relief, see id. "[N]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." United States v. Mitchell, 463 U.S. 206, 216 (1983).

The jurisdiction of this court extends solely to claims against the United States. 28 U.S.C. §1491(a) (providing that the Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States"). "The only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)). This court is without jurisdiction to entertain claims against states, localities, state and local government officials, state courts, state prisons, or state employees. See Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014).

This court's jurisdiction is further limited by a six year statute of limitations. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133–35 (2008). The statute of limitations provides that claims over which the Court of Federal Claims would otherwise have jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2012). Under the Tucker Act, a claim accrues "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his [or her] money.'" Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966).

III.   Discussion

    A.   This Court Lacks Jurisdiction Over Plaintiff's Unjust Imprisonment Claim and the Relief Plaintiff Seeks

The court construes plaintiff's allegation that he has "been wrongly convicted of (Felony) murder" to be a claim for unjust imprisonment. Compl. The court's jurisdiction to hear such claims is quite limited. See Zakiya v. United States, 79 Fed. Cl. 231, 234 (2007) ("The grant of jurisdiction to the Court of Federal Claims over a claim for compensation for an unjust conviction and imprisonment is strictly construed." (citing Vincin v. United States, 199 Ct. Cl. 762, 766 (1972)), aff'd, 277 F. App'x 985 (Fed. Cir. 2008). The Court of Federal Claims has jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495 (2012) (emphasis added). Under Section 1495, this court has jurisdiction only if a plaintiff alleges facts sufficient to meet the requirements of 28 U.S.C. § 2513. See Zakiya, 79 Fed. Cl. at 234. Section 2513 requires a plaintiff to show that:

    (1)   His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . [:] and

    (2)   He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513 (2012).

The court need not assess whether the plaintiff alleges facts sufficient to meet the requirements of Section 2513 because as a threshold matter, plaintiff does not assert an "offense against the United States."[3] Although the United States is captioned as the named defendant in plaintiff's action, plaintiff's claim actually is leveled against the state actors and judicial bodies that were involved in his criminal prosecution. See Compl.

---

[3]     Although Section 2513 requires a plaintiff invoking jurisdiction under Section 1495 to demonstrate that he was not guilty of an offense against "the United States, or any State," the reference to "any State" cannot be construed as providing this court with jurisdiction over cases involving wrongful conviction for state offenses. See Johnson v. United States, 469 F. App'x 884, 886 (2012) ("[Plaintiff] states that the reference in § 2513(a)(2) to 'any [S]tate,' means that the Court of Federal Claims has jurisdiction to compensate for wrongful conviction of state offenses. That is incorrect.").

Moreover, this court does not have jurisdiction to either entertain an appeal of a state court criminal conviction or review the criminal charges that were brought against plaintiff. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("This is a court of specific civil jurisdiction . . . .") (emphasis added); see also Perkins v. United States, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013) ("This Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions."); Cooper v. United States, 104 Fed. Cl. 306, 311–12 (2012) (holding that the Court of Federal Claims cannot review criminal matters).

Finally, all of the events about which plaintiff complains occurred ten or more years ago. The events resulting in plaintiff's arrest occurred in 2000. See Compl.; see also Staten, 616 S.E. 2d at 652. Plaintiff's conviction and imprisonment took place in 2003, and the North Carolina Court of Appeals filed the decision for which plaintiff presently seeks judicial review in 2005. See id. at 650, 653–54. Any claim over which this court might have had jurisdiction is now time-barred by the applicable six year statute of limitations. See John R. Sand & Gravel Co., 552 U.S. at 133–35.

Because this court cannot exercise jurisdiction either to review plaintiff's criminal conviction or to hear plaintiff's claim for unjust conviction, the complaint must be dismissed.

B.    Transfer of Plaintiff's Claim Would Not Be in the Interest of Justice

Upon finding that it lacks jurisdiction to hear a claim, the court must consider whether it is "in the interest of justice" to transfer plaintiff's complaint to a district court pursuant to 28 U.S.C. § 1631. See 28 U.S.C. § 1631 (2012) ("[T]he court shall, if it is in the interest of justice transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed."); 28 U.S.C. § 610 (2012) (defining "courts" to include, among other things, "courts of appeals and district courts of the United States, . . . [and] the United States Court of Federal Claims"); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined it lacks jurisdiction). A transfer may be "in the interest of justice" when the filed claims are non-frivolous and should be decided on the merits. See Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987). But even if a claim is non-frivolous, a court still may decline to transfer a case "[i]f such transfer 'would . . . be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Transferring this case to another court would be futile because the Court of Federal Claims cannot transfer complaints to either the Supreme Court of the United States or state court. See 28 U.S.C. § 610; see also Sharpe v. United States, 112 Fed. Cl. 468, 478 (2013) (explaining that "the courts to which transfer is permissible . . . do not

include the Supreme Court"); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 168 (2009) ("This court is unable to transfer any case to the state court system, as no state court falls within the definition in § 610."). Moreover, a federal district court similarly would lack jurisdiction to hear plaintiff claims, and even if it could, the statute of limitations has passed. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Potter v. United States, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). The court finds that it is not in the interest of justice for it to transfer to a federal district court plaintiff's plea for review of a state court decision as the district court also would not have jurisdiction to review the criminal charges and indictments made by the Court of Appeals of North Carolina against plaintiff.[4]

IV.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claim of unjust imprisonment. Plaintiff's complaint is **DISMISSED**.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Chief Judge

---

[4]   Based on the relief plaintiff seeks, the court observes that plaintiff might have filed a writ of habeas corpus in federal district court for review of his claim of wrongful conviction and imprisonment. See 28 U.S.C. § 2254 (2012) (providing federal courts the ability to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgement). An independent record search reveals that plaintiff has filed no claims in federal court other than this action. The court further observes that even if plaintiff had sought to overturn his conviction in federal district court—instead of filing a claim in this court, his claim would still be time-barred. Indeed, the 2007 correspondence from the North Carolina Prisoner Legal Services, which plaintiff attaches to his response, states: "[T]he deadline for challenging [plaintiff's] conviction and sentence . . . through a federal petition for a writ of habeas corpus will expire on April 16, 2007." Resp., June 29, 2015, Dkt. No. 9, at 11 (pagination added) (emphasis in original). Federal law provides a one-year limitations period within which the petitioner must file an application for a writ for habeas corpus in federal district court. See 28 U.S.C. § 2244(d)(1) (2012). Plaintiff's claims stem from a final decision issued nearly ten years ago, and the court has found no evidence to suggest plaintiff filed a writ of habeas corpus or pursued post-conviction relief that might have tolled the statute of limitations to the present day.